UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
MBNA AMERICA BANK, N.A.,          )
                                  )
             Plaintiff,           )
                                  )
       v.                         )    Case No.  2:05 CV 216
                                  )
                                  )
CIOE & WAGENBLAST, P.C.,          )
JOSEPH B. CIOE, ESQ. and          )
SCOTT W. WAGENBLAST, ESQ.,        )
                                  )
             Defendants           )
```

OPINION and ORDER

This matter is before the court on the Motion for Protective Order filed by the plaintiff, MBNA America Bank, on February 1, 2006 [De 68]; the Motion to Compel Discovery filed by MBNA on February 7, 2006 [DE 72]; the Motion to Strike and For Sanctions filed by the defendants, Cioe & Wagenblast P.C. et al., on February 15, 2006 [DE 75]; the Motion to Strike Two Supplemental Certifications of the Plaintiff filed by the defendants on March 1, 2006 [DE 83]; and the Motion for Leave to File First Amended Complaint filed by MBNA on March 31, 2006 [DE 92].  For the following reasons, the motion to amend is **GRANTED,** and all other motions are **DENIED.**

Background

This discovery dispute arises from a suit in which MBNA claims the defendant law firm Cioe & Wagenblast, P.C. ("C&W") procured sham "Arbitration Awards" cancelling the credit card debts of MBNA credit card holders. In February 2006, MBNA filed a motion to enter a reciprocal protective order and a motion to

compel the defendants to produce certain information in the course of discovery.  C&W promptly filed motions to strike the motion to compel and a motion to strike two supplemental Local Rule 37.1 affidavits filed by the plaintiff. Both sides sought attorneys' fees.

After determining that the parties had not "conducted a meaningful Local Rule 37.1 conference in good faith," the court ordered the parties to confer in person pursuant to Local Rule 37.1 and Federal Rule of Civil Procedure 26(f).  The court further warned the parties that failure to resolve their discovery disputes would result in sanctions. *See* March 14, 2006 Order.

On April 13, 2006, MBNA notified the court that despite reaching an agreed reciprocal protective order, MBNA would not withdraw its motion for a protective order or motion to compel. C&W has not sought to withdraw its motions either.  In addition, MBNA now seeks to amend its complaint to add a third count for abuse of process, to which C&W objects.

<u>Discussion</u>

**A. Discovery Motions**

C&W's motion to strike MBNA's two supplemental certifications must be denied.  The purpose of a Local Rule 37.1 certification is to inform the court that the parties have attempted to resolve their discovery dispute before seeking court intervention.  The fact that a party would file a second certification has no legal significance to the resolution of the dispute itself.

2

Likewise, C&W's motion to strike and for sanctions is denied. In this motion, C&W generally raises the same arguments addressed in response to MBNA's motion to compel.  Given that the record reflects ongoing, albeit previously unsuccessful, communication between the parties and that a protective order now has been entered, this motion may be denied.

The only portion of its protective order that MBNA seeks to maintain is the request for attorneys' fees.  MBNA argues that fees remain appropriate due to what MBNA characterizes as the obdurate conduct of the defense counsel in failing to enter into a reciprocal protective order until ordered by this court to resolve their disputes.

The court takes a dim view of C&W's argument that the original protective order proposed by MBNA was overly broad, given that C&W ultimately entered into a virtually identical protective order. Furthermore, it is a matter of common sense that the exchange of information by both sides concerning credit card account numbers and financial histories is an appropriate subject for a protective order.  While C&W assumes that MBNA's reference to the "privacy act" in lower caps meant "Privacy Act" as in 5 U.S.C. §552a, *et seq.*, defense counsel could have conducted limited research or simply asked MBNA to clarify which act applied before allowing this discovery dispute to dissolve into one requiring court action. Finally, and contrary to C&W's position, Local Rule 5.2 on its face has nothing whatsoever to do with the discovery stage of proceedings.  Rather, the Rule

3

contemplates only the disclosure of information in documents actually <u>filed</u> in court.  Therefore, the fact that disclosure to the public is governed by Local Rule 5.2 does not alleviate the need for a protective order concerning disclosure to opposing counsel during the course of discovery.

Regardless, the substance of the motion for a protective order has been resolved with the entry of the agreed protective order on May 10, 2006.  Accordingly, this motion may be denied. The issue of attorneys fees is addressed below.

MBNA's arguments with respect to its motion to compel fare no better than C&W's objections to MBNA's motion for a protective order.  The only portions of the motion to compel that remain at issue are 1) C&W's decision to redact information concerning credit cards held by MBNA clients through other lending establishments prior to submitting those records to MBNA and 2) MBNA's desire to obtain certain "computer records."

Cardholder accounts with other lending establishments have no possible relevance to this case under Federal Rule of Civil Procedure 26(b). Thus, C&W's redaction of this information prior to disclosure does not work any harm on MBNA.  Indeed, the only arguments MBNA makes are that this information is not protected by any privilege and that C&W has otherwise waived its objections to disclosure.  However, because relevance is the first require-ment of discoverability under Rule 26(b), the court need not look further into the other arguments raised by the parties.

4

MBNA insists on obtaining computer records of correspondence relating to arbitrations against MBNA based on 1) an allegation that C&W is concealing this information and 2) because some of the paper copies of these documents are illegible.  C&W indicated that it has provided paper copies of all information kept digitally.  Moreover, C&W has expressed a willingness to provide new copies of any pages MBNA specifically identifies as illegible. This court will not compel records to be produced in a digital, rather than paper, format on nothing more than a bare allegation that a party is concealing information. To the extent the paper copies are illegible, MBNA may request new copies, and C&W shall comply with such requests.

By practicing in federal court, all counsel agree to be bound by the Standards for Professional Conduct Within the Seventh Judicial Circuit.  The preamble to these Standards states:

> A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling our duty to represent a client vigorously as lawyers, we will be mindful of our obligations to the administration of justice, which is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful, and efficient manner.
>
> * * *
>
> Conduct that may be characterized as uncivil, abrasive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently. Such conduct tends to delay and often to deny justice.

5

> *See* http://www.ca7.uscourts.gov/Rules
> /rules.htm#standards (last visited May 10,
> 2006)

Both parties have repeatedly sought sanctions and attorneys'
fees against each other on the basis of the other side's alleged
bad conduct.  In pursuit of this goal, both sides have filed a
mountain of briefs, supplements, and notices with the court on
matters that could have been resolved entirely with a little
cooperation and common sense. Given the allegations each side has
leveled against the other, the court cannot say that either
party's behavior has been more unclear or uncooperative than the
other's. Accordingly, the court finds that requiring each party
to bear its own expenses in this discovery dispute comports with
justice in this case.

## B.   Motion to File Amended Complaint

MBNA seeks leave to file an amended complaint in order to
add an "abuse of process" count.  C&W objects to this addition
under the theory that this tort is applicable only in legal,
rather than arbitral, proceedings.  Therefore, C&W argues amend-
ment would be futile. C&W also argues that no good cause exists
to amend because MBNA had all the documents it could use to base
this count by the end of November 2005.

First, the court notes that an approximately four month
delay (the end of November 2005 through March 31, 2006) is not an
unreasonably long period of time in which to seek amendment.
Discovery was stayed from September to November 16, 2005, it is

6

undeniable that discovery has been difficult for both sides, this case involves a large volume of documents, and C&W does not claim that it will be prejudiced by the addition of an abuse of process claim. Accordingly, C&W's argument is rejected.

Because there appears to be a genuine dispute as to whether abuse of process may be claimed under the facts of this case, amendment may not be barred on this basis. *See, e.g.,* ***International Medical Group, Inc. v. American Arbitration Association, Inc.***, 312 F.3d 833, 844-45 (7th Cir. 2002). Following amendment, C&W has the remedy of filing a motion to dismiss for the District Court's consideration.

_____

For the foregoing reasons, the Motion for Protective Order filed by the plaintiff, MBNA America Bank, on February 1, 2006 [De 68] is **DENIED**; the Motion to Compel Discovery filed by MBNA on February 7, 2006 [DE 72] is **DENIED**; the Motion to Strike and For Sanctions filed by the defendants, Cioe & Wagenblast P.C. et al., on February 15, 2006 [DE 75] is **DENIED**; the Motion to Strike Two Supplemental Certifications of the Plaintiff filed by the defendants on March 1, 2006 [DE 83] is **DENIED**; and the Motion for Leave to File First Amended Complaint filed by MBNA on March 31, 2006 [DE 92] is **GRANTED**. The plaintiff is **ORDERED** to file an amended complaint within 10 days of this Order.

ENTERED this 15th day of May, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge