UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION


MBNA AMERICA BANK, N.A.,          )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    Case No.  2:05 CV 216
                                 )
                                 )
CIOE & WAGENBLAST, P.C.,         )
JOSEPH B. CIOE, ESQ. and         )
SCOTT W. WAGENBLAST, ESQ.,       )
                                 )
            Defendants           )

OPINION and ORDER

      This matter is before the court on the Motion to Reconsider
filed by the plaintiff, MBNA America Bank, on May 18, 2006.  For
the following reasons, this motion is **DENIED**.

Background

      This motion is the latest in a series of discovery disputes
between the parties over various requests by the plaintiff, MBNA
America Bank ("MBNA").  In part, MBNA has taken issue with the
manner in which the defendants have produced letters sent by the
defendant law firm, Cioe & Wagenblast ("C&W"), concerning
arbitrations.  C&W has produced these letters in paper form,
which MBNA complains are partially illegible. MBNA also asserts
that it is entitled to the letters on diskette, rather than on
paper.

      On May 15, 2006, this court held in relevant part that MBNA
was not entitled to letters on diskette as opposed to letters on
paper.  It is this portion of the May 15, 2006 Order that MBNA

1

now seeks reconsideration.

Discussion

Without citation to authority, MBNA argues that the digital information comprising the wordprocessed letter is in fact the "original" which MBNA is entitled to inspect. This court declines to walk that path. MBNA is not seeking information uniquely available in digital format, but instead a copy of correspondence.

The act of copying onto diskette creates a duplicate of raw data on a computer hard drive just as surely as hitting the print button on the computer. In this sense, a diskette is no more superior to a paper copy. Both would be fully admissible duplicates under Federal Rule of Evidence 1003, if not considered "originals" under Rule 1002.  While Rule 1003 creates some exceptions to the admissibility of a duplicate, MBNA has not argued that any of these exceptions apply, and none are immediately apparent to the court.  To be hyper-technical, MBNA really is seeking no more than a duplicate itself.  It would make more sense to argue that MNBA is entitled to the actual letters mailed to and received by arbitration clients, as those are truly the "originals."

Next, MBNA complains that the court's order is "extremely prejudicial" because several key documents are illegible.  As this court already ordered the parties on May 15, 2006, if MBNA presents a list of illegible documents to C&W, then C&W "**shall** comply with such requests." (May 15, 2006 Order, pg 5, emphasis

2

added). There is no evidence that MBNA has attempted to contact C&W in the three days between this court's order and MBNA's motion to reconsider.  For this reason alone, MBNA's request must be denied. If C&W refuses the provide legible prints of these letters in a reasonable time following MBNA's request, then MBNA has remedies under the Federal Rules of Civil Procedure.

Finally, MBNA continues to suggest that C&W is improperly withholding discoverable correspondence. This court already declined to order information on diskette on a mere allegation of wrongdoing.  (See May 15, 2006 Order, pg. 5). In any event, a diskette certainly is not going to solve the problem, as it is equally easy to select which documents to "copy to disk" as to select which to print.  The only real means of ascertaining whether C&W is withholding documents would be for C&W to surrender their computer hard drives.  The court flatly rejects any attempt by MBNA to achieve discovery by that means.

MBNA argues that it "does not believe that the Seventh Circuit would ultimately enforce a Court Order that denies a party the right to inspect original records. . . . " (Memorandum, pg. 2).  In the first instance, the district court has wide discretion in resolving discovery disputes.  *See* **Corley v. Rosewood Care Center, Inc.**, 142 F.3d 1041, 1052 (7th Cir. 1998). Second, the Seventh Circuit does not make a practice of reversing correct rulings of the district court.

————————

For the foregoing reasons, the Motion to Reconsider filed by

3

the plaintiff, MBNA America Bank, on May 18, 2006 is **DENIED**. All parties are **REMINDED** of their professional obligations under Local Rule 37.1 and **WARNED** that further meritless discovery motions will result in sanctions.

ENTERED this 19 May, 2006

s/ ANDREW P. RODOVICH

United States Magistrate Judge