```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MBNA AMERICA BANK, N.A.,          )
                                  )
            Plaintiff,            )
                                  )
       v.                         )    Case No.  2:05 CV 216
                                  )
                                  )
CIOE & WAGENBLAST, P.C.,          )
JOSEPH B. CIOE, ESQ. and          )
SCOTT W. WAGENBLAST, ESQ.,        )
                                  )
            Defendants            )
```

OPINION and ORDER

This matter is before the court on the Motion to Quash Subpoena and Motion for Protective Orders filed by nonparty Eugene G. Ziobron on May 26, 2006. For the reasons set forth below, this motion is **GRANTED**.

Background

The plaintiff, MBNA America Bank, N.A. alleges that defendant Cio & Wagenblast ("C&W") procured sham arbitration awards cancelling the credit card debts of MBNA credit card holders. Nonparty Eugene G. Ziobron is an attorney in Carmel, Indiana who MBNA further alleges filed at least seven lawsuits attempting to collect on the sham arbitration awards.

On May 2, 2006, MBNA served Ziobron with a subpoena, presumably for a deposition on June 5, 2006. Neither party has provided a copy of the subpoena to the court. Ziobron now seeks to quash the subpoena and move for a protective order blocking his deposition.

1

Discussion

Federal Rule of Civil Procedure 45(a)(2)(B) states that a deposition subpoena must issue "from the court for the district where the deposition is to be taken." The Rule further states that the court from which the subpoena issues shall quash or modify the subpoena if it requires a nonparty to attend a deposition "more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person." Rule 45(c)(3)(A)(ii).

It is clear that Carmel, where Ziobron lives and works, is farther than 100 miles from the law offices of defense counsel in Merrillville, Indiana. For this reason, the motion to quash must be granted. MBNA must petition the Southern District of Indiana, rather than this court, to subpoena Ziobron for a deposition. This court does not have jurisdiction to compel Ziobron to attend a deposition in any event. *See* Federal Rule of Civil Procedure 37(a)(1).

However, the court notes that blanket assertions of privilege, such as those made by Ziobron, do not satisfy the requirements of Federal Rule of Civil Procedure 26, particularly when MBNA disavows any intent to intrude on privileged material. *See, e.g.,* **Holifield v. United States**, 909 F.2d 201, 204 (7th Cir. 1990).

For the foregoing reasons, the Motion to Quash Subpoena and Motion for Protective Orders filed by nonparty Eugene G. Ziobron

2

on May 26, 2006 is **GRANTED**.

ENTERED this 20 June, 2006

                                              s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge